UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80727-CIV-MARRA
(Criminal Case No. 08-80191-CR-MARRA)

JACK LEE HEMNY,

    Movant
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND FINAL ORDER
## DENYING MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

This matter is before the Court upon Movant Jack Lee Hemny's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (DE 1; CR-DE 175).[1] For the reasons that follow, the motion is denied.

### I. Background and Procedural History

On June 24, 2008, Hemny entered a guilty plea to charges of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 4 of the indictment) and brandishing a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 5 of the indictment). (CR-DE 64; CR-DE 85.) On September 5, 2008, this Court sentenced Hemny to 57 months imprisonment as to Count 4 and 84 months imprisonment as to Count 5, with the terms to run consecutively for a total of 141 months imprisonment. (CR-DE 133.) The Court also sentenced Hemny to a five-year term of supervised release after imprisonment. (CR-DE 133.)

On May 9, 2016, Hemny filed the present petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 and supplemented that peition through counsel on June 24, 2016. (DE 1, CR-DE 175;

---

[1] Citations to "CR-DE" refer to entries on the criminal docket in Case No. 08-80191-CR-MARRA. Citations to "DE" refer to entries on the civil docket in Case No. 16-81075-CIV-MARRA.

DE 10.) Hemny asserts that he is actually innocent of his conviction for brandishing a firearm during and in relation to a "crime of violence" in violation of § 924(c)(1)(A)(ii) based on the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015). (DE 1; CR-DE 175.) The Government filed a response opposing Hemny's § 2255 petition on July 11, 2016. (DE 11.) Hemny replied on August 23, 2016 (DE 12.), and the petition is now ripe for review.

## II. Legal Standard

Section 2255 authorizes a prisoner to move a court to vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The § 2255 petitioner bears the burden of showing that he should be entitled to relief, and in context of a challenge to the vagueness of a statute's residual clause the petitioner must show that he was "sentenced [or convicted] using that residual clause and that the use of that clause made a difference in the sentence [or conviction]." *In re Moore*, No. 16-13993-J, 2016 WL 4010433, at *4 (11th Cir. July 27, 2016) (per curiam).[2]

## III. Discussion

Assuming the procedural appropriateness of Hemny's § 2255 petition, the Court considers the merits of Hemny's assertion that his sentence under § 924(c)(1)(A)(ii) should be vacated because § 924(c)'s residual clause is unconstitutionally vague for the same reasons the Supreme Court found

---

[2] As *Moore* involved the Armed Career Criminal Act's residual clause it considered only the sentence that resulted rather than both the sentence and conviction. Hemny's petition pertains to § 924(c)'s residual clause and thus both the sentence and underlying conviction are affected.

§ 924(e)(2)(B)(ii) to be unconstitutionally vague in *Johnson*, rendering him "actually innocent" of his § 924(c) conviction.

**A. *Johnson*'s Applicability to Section 924(c):**

In *Johnson*, the Supreme Court overruled its prior precedent and held that the residual clause of the Armed Career Criminal Act of 1984 (ACCA) definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557, 2563. Less than a year later, in *Welch v. United States*, the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The residual clause at issue in *Johnson* consists of the last 15 words of the § 924(e)(2)(B) definition. Relevantly, *Johnson* expressly left intact both the enumerated crimes portion of § 924(e)(2)(B)(ii) preceding the residual clause and § 924(e)(2)(B)(I), the subsection of the definition referred to as the elements clause and defining "violent felony" through the elements which comprise the predicate offense.[3]

Hemny was not sentenced under the ACCA, but rather was convicted of a violation of 18

---

[3]*Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.")

U.S.C. § 924(c)(1)(A)(ii). Section 924(c)(1)(A)(ii) provides a seven-year mandatory minimum sentence for any person who "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" and "the firearm is brandished." Such sentence shall be "in addition to the punishment provided for such crime of violence or drug trafficking crime" and may not run concurrently with "any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii). Under § 924(c), a "crime of violence" is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). As with the ACCA, § 924(c)(3) includes a clause by which a "crime of violence" can be defined using the elements necessary to convict under the predicate offense. As the ACCA's elements clause was not found unconstitutionally vague in *Johnson*, it stands to reason that the elements clause of § 924(c)(3)(A) is similarly intact as controlling authority on this Court. *See Johnson*, 135 S. Ct. at 2563.

**B. Armed Bank Robbery under Section 924(c):**

Courts employ the categorical approach to determine whether a predicate conviction qualifies as a "crime of violence" under § 924(c). *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013). Under the categorical approach, courts examine only the "elements of the offense" and do not consider "the specific conduct of this particular offender." *United States v. Chitwood*, 676

F.3d 971, 976-77 (11th Cir. 2012). Where the conduct of a predicate offense "has an element the use, attempted use, or threatened use of physical force against the person or property of another" it constitutes a "crime of violence" under § 924(c)(3)(A). *Id.*

The elements of armed bank robbery, as charged in Count 4 of the indictment and to which Hemny pled, are set forth in 18 U.S.C. § 2113(a) and (d), which provides, in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> ...
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

Applying the categorical approach, the Eleventh Circuit has found that the commission of "an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d)...clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)." *In re Hines*, 824 F. 3d 1334, 1336-37 (11th Cir. June 8, 2016); see also *In re Sams*, __ F.3d __, 2016 WL 3997213 (11th Cir. July 26, 2016). Though this Court reviews the merits of Hemny's § 2255 petition *de novo,* it neither does so in a vacuum nor without the guidance of precedent. Accordingly, Hemny's

predicate conviction for armed bank robbery in violation of § 2131(a) and (d) constitutes a "crime of violence" under the elements clause of § 924(c)(3)(A). As such, Hemny's conviction and sentence under § 924(c)(1)(A)(ii) did not rely on the residual clause of § 924(c)(3)(B) in order to define "crime of violence" and Hemny's § 2255 petition seeking to challenge his conviction in light of *Johnson* must fail.

Hemny's attempts to discount *Hines*, *Sams*, and other Eleventh Circuit decisions as "not precedential because they arose in the procedurally unique context of adjudicating an application for leave to file a second or successive § 2255 motion." The Court does not find Hemny's argument persuasive. This Court's *de novo* review is not a prescription to be unbounded by the Eleventh Circuit's authority. Instead, it is meant to emphasize that the district court should decide the issues fresh relative to the Circuit Court's prima facie determinations that are reached in granting leave to file a second or successive motion. *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007). Indeed, the Eleventh Circuit has held that its own prior-panel-precedent rule should apply to published opinions issued in the context of an application to file a second or successive petition. *In re Provenzano,* 215 F.3d 1233 (11th Cir. 2014). In *Provenzano*, the Eleventh Circuit held that the prior precedent rule foreclosed its ability to authorize a petitioner to file a second or successive petition for § 2244 habeas relief on a competency-to-be-executed claim where a prior panel had held in the course of denying authorization for a second of successive petition that the § 2244(b) bar applied to competency-to-be-executed claims. *Id.* Accordingly, Eleventh Circuit jurisprudence in the context of authorization to file second or successive habeas petitions is binding precedent. *See In re Holsey*, 589 F. App'x 462, 466 (11th Cir. 2014) (declining to "to treat prior panel decisions...issued in the context of applications to

6

file second of successive petitions as having no precedential value."). As the Eleventh Circuit has acknowledged the binding authority of its decisions in the context of applications to file second or successive habeas petitions, this Court is bound by the precedent of *Sams* and *Hines* and the conclusion that armed bank robbery under 18 U.S.C. § 2113(a) and (d) is a "crime of violence," as defined by § 924(c)(3)(A).

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Movant's petition (DE 1; CR-DE 75) is **DENIED**.  The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 16th day of September, 2016.

_____
KENNETH A. MARRA
United States District Judge